T.C. Summary Opinion 2006-33


UNITED STATES TAX COURT


HUON PEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17718-02S.            Filed February 22, 2006.


Huon Pen, pro se.

<u>Nhi T. Luu-Sanders</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered in this case is not reviewable by any other Court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the years at issue.  Sec. 7491 in some instances shifts the burden of proof to the Commissioner.  That section is not applicable in this case because the issues are legal and not factual.

Respondent determined a deficiency in petitioner's Federal income tax in the amount of $3,308 for 2001.

The issues for decision are whether, for the year 2001, petitioner is entitled to (1) a dependency exemption deduction for one child under section 151(c); (2) head-of-household filing status under section 2(b)(1); and (3) the earned income credit under section 32(a).[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Vancouver, Washington.

On her Federal income tax return for 2001, petitioner reported total income of $13,285, consisting of $10,363 in salary and wages, $17 in taxable interest income, and $2,905 in unemployment compensation. Petitioner deducted two exemptions, one for herself and the other for her granddaughter, L.H. As noted supra note 2, petitioner claimed the child care credit, the child tax credit, the earned income credit, and head-of-household filing status.

---

[2]Petitioner claimed a child care credit under sec. 21 and the child tax credit under sec. 24. Both credits are allowable if the taxpayer is entitled to a dependency exemption deduction for a child. Accordingly, petitioner's entitlement to these credits depends on the Court's holding on the dependency exemption deduction issue.

In the notice of deficiency, respondent disallowed the dependency exemption deduction for L.H., the child care credit, the child tax credit, the earned income credit, and petitioner's use of head-of-household filing status. The basis for the disallowed dependency exemption deduction for L.H. was respondent's determination that petitioner failed to establish that she provided more than one-half of the support for L.H. All the other disallowed items flow from or relate to the disallowed dependency exemption deduction.

Petitioner's household for the year at issue included her daughter, Jenny (the mother of L.H. and another child); her two sons, Sam and Johnny; Narin Heng, the father of L.H. and the other child; and petitioner's husband or ex-husband, Sitha Thaing. Thus, petitioner had three grown children of her own who lived in the same place of abode along with Jenny's two children.

Jenny was gainfully employed during 2001. On her Federal income tax return for 2001, Jenny claimed L.H. and her other child as dependents. However, on the subsequent advice of her accountant and tax return preparer, Jenny filed an amended income tax return for 2001, on which she did not claim L.H. as a dependent. The purpose of this amended return was to allow Jenny's mother, petitioner, to claim L.H. as a dependent on her return. Petitioner, accordingly, claimed L.H. as a dependent on her return.

In the notice of deficiency, respondent disallowed petitioner's dependency exemption deduction for L.H. on the ground that petitioner failed to establish that she provided more than half the support for the child.

The record shows that all members of petitioner's household, including petitioner, deposited their earnings in one bank account. All household expenses were paid out of that account. In the audit of petitioner's tax return, respondent determined that, for the year at issue, petitioner's earnings of $13,285 in that account and the earnings of the other members of her household totaled $32,164.59. Respondent further determined that this account also included assistance payments from the State of Washington during the year at issue for the benefit of L.H. These payments were identified at trial as "WIC" payments. Because this account represented the total income of petitioner and members of her family, respondent determined that the greater portion of the support provided to L.H. during the year came from persons other than petitioner. Thus, respondent determined that petitioner was not entitled to the dependency exemption deduction she claimed on her 2001 tax return.

The Court is satisfied from the record and from the evidence at trial that petitioner did not provide more than one-half the support of L.H. during the year at issue. The general rule under section 151 is that the dependency exemption deduction is

allowable to the taxpayer providing more than one-half of the total support provided to the dependent during any given year. Petitioner's support did not reach that level. Most of the support came from the other sources described. However, there was an avenue petitioner could have availed herself of that would have allowed her to claim the dependency exemption deduction. She could have obtained a multiple support agreement where all providers of support to L.H. agreed to allow the dependency exemption deduction to one of their number. Form 2120, Multiple Support Agreement, is the proper medium by which this is accomplished.[3]

Petitioner did not include such an agreement with her return; consequently, she is not entitled to the dependency exemption deduction. Respondent, therefore, is sustained on this issue.

The next issue is petitioner's claim to head-of-household filing status under section 2(b)(1).

---

[3]The Form 2120 is an acknowledgment by a group of contributors who have collectively provided over one-half of a dependent's support for a calendar year and who may annually designate one of their number to claim the dependency exemption deduction for the dependent. The taxpayer who is designated as entitled to claim the dependency exemption deduction must attach a statement to his or her return identifying each member of the supporting group and, in general, comply with sec. 1.152-3, Income Tax Regs.

Section 2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, such individual maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of an unmarried son or daughter of the taxpayer or descendant of the son or daughter of the taxpayer, or of any other person who is a dependent of the taxpayer if the taxpayer is entitled to a dependency exemption deduction for such person under section 151. Sec. 2(b)(1)(A)(i) and (ii).  Petitioner did not establish that she maintained a household because, under section 2(b), an individual taxpayer is considered as maintaining a household only if that individual furnishes more than one-half the cost of maintaining that household.  On the basis of the previous discussion, the Court concludes that more than one-half of the cost of maintaining petitioner's household came from the other occupants of the home.  Petitioner did not maintain the household and, therefore, is not entitled to head-of-household status under section 2(b).  Respondent, therefore, is sustained on this issue.

The third issue is petitioner's claim to the earned income credit under section 32(a).  Section 32(a) provides for an earned income credit in the case of an eligible individual.  Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.

Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3). To satisfy the relationship and age tests, the qualifying child must be the son or daughter of the taxpayer or a descendant of either who is less than 19 years of age or a student whose age is less than 24. Sec. 32(c)(3)(B)(i), (C). L.H. would appear to satisfy these requirements.

However, in the consideration of the section 2 head-of-household issue, the Court has concluded that petitioner failed to establish that she furnished over half of the cost of maintaining the household. There were other individuals, as discussed above, who contributed to the household and to the support of the child. Section 32(c)(1)(C) provides that where two or more individuals may claim a qualifying child:

> (C) 2 or more eligible individuals. If 2 or more individuals would (but for this subparagraph and after application of subparagraph (B)) be treated as eligible individuals with respect to the same qualifying child for taxable years beginning in the same calendar year, only the individual with the highest modified adjusted gross income for such taxable years shall be treated as an eligible individual with respect to such qualifying child.

Of all the providers of support to L.H., petitioner failed to establish that her adjusted gross income was higher than that of

any one or more of the other providers of support to the child. Respondent, therefore, is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>